DIEMER, WHITMAN & CARDOSI, LLP
KATHRYN S. DIEMER, #133977
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271

CLARKSON, GORE & MARSELLA, APLC
EVE MARSELLA, #165797
3424 Carson Street, Suite 350
Torrance, CA 90503

ATTORNEYS FOR
Creditor Steven H. Slawinski

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 08-53123 |
| Jerry Ray Bassoni, | CHAPTER 7 |
| Debtor. | Case Management Conference Statement |
| | Date: September 25, 2009 |
| | Time: 2:00 p.m. |
| | Place: Room 3020, 280 S. First Street, San Jose, CA 95113 |
| | Judge: Hon. Arthur S. Weissbrodt |

Creditor Steven H. Slawinski hereby submits the following Case Management Conference Statement as follows:

1. Procedural Status:

    A.  Failure to file a Chapter 11 Plan and Disclosure Statement in a Timely Fashion.

Debtor originally filed a Chapter 13 proceeding, which on Debtor's own motion was converted to a Chapter 11 proceeding by order of this Court on April 7, 2009. Debtor was required by order of this Court to file a Chapter 11 plan no later than August 5, 2009. Debtor was also required by order of this Court to file a disclosure statement in support of the Chapter 11 plan on the same date, August 5, 2009. The docket does not reflect that any plan of reorganization being filed. Nor does the docket reflect that any disclosure statement in support

Case Management Conference Statement

of that Chapter 11 plan has been filed. Creditor Steven H. Slawinski has not received any documents indicating that Debtor has prepared either a disclosure statement or a plan of reorganization.

B. <u>Failure to Provide Proof of Insurance of Assets of the Estate:</u>

The Debtor is obligated, as a debtor in possession to act as a trustee of the assets of the estate. He has all of the same obligations as if a trustee was appointed. 11 U.S.C. Section 1106. This Debtor is currently living in a house, which is in the name of his long deceased father's living trust. Debtor's long deceased father's will provided that Debtor and his brother would inherit all of the father's assets equally. Debtor's brother, in the Chapter 13, stated in a declaration under oath, that he and the Debtor long ago agreed that Debtor would own the house, and that contrary to Debtor's statements, that the Debtor did not pay the brother any rent. There is no dispute that the Debtor owns at least 50% of the home, and although the Debtor' disputes that he owns 100%, the testimony, under oath of Debtor's brother, makes clear that the reality is that the Debtor owns 100% of the home.

The home is located at 1481 Cherry Garden Lane, San Jose, CA 95125. The home does not have any loans against it. Zillow.com, a home valuation website places the home value at $840,000. Clearly the real property located at 1481 Cherry Garden Lane, San Jose, CA 95125 is of value, and the Debtor, under 11 U.S.C. Section 1106 is obligated to insure the home to protect the estate against the possibility of loss, whether that is loss of $840,000, loss of 50% of 840,000 or $420,000, or whether the value is some other amount, whether larger or smaller.

Debtor has repeatedly been asked to provide evidence that the house at 1481 Cherry Garden Lane, San Jose, CA 95125 is insured. Debtor has abjectly failed in this regard, and has not provided any evidence to demonstrate that the home is insured.

Creditors and the Court must assume, because of Debtor's failure to provide any proof of insurance, that the home is not insured. The estate is thus at significant risk of loss should some unfortunate event, such as a fire, or other disaster occur. Failure to provide insurance is a basis for dismissal of the bankruptcy case.

Likewise, the Debtor owns a car. Debtor has not provided proof of insurance of the car.

Case Management Conference Statement        2

Case: 08-53123    Doc# 124    Filed: 09/15/09    Entered: 09/15/09 18:36:39    Page 2 of 5

Again, as mentioned with regards to the home, the Debtor has an obligation, as that of a trustee to safeguard the assets of the estate during the life of the estate. Failure to provide proof of insurance of the car, requires this Court to assume that the car is not insured. If the care is not insured there is significant risk of loss should an unfortunate event, such as a car accident occur. Failure to provide insurance, and failure to act in a fiduciary manner to safeguard the assets of the estate is significant, and is grounds for the Court to dismiss the bankruptcy case.

C. Failure to Pay Taxes.

Debtor has stated repeatedly before this Court that he has paid all appropriate taxes. The Internal Revenue Service has filed a claim in this matter which disputes Debtor's contention. Further, it is clear that someone is paying the County Assessor's taxes on the real property located at 1481 Cherry Garden property. The failure to pay the taxes on the real estate, and the failure to disclose that information again demonstrates a failure on the Debtor's part to comply with his obligations to act in the same manner as a trustee.

D. Failure to Identify Assets of the Estate.

1. The House.

Debtor does not identify the real estate located at 1481 Cherry Garden Lane, San Jose, CA 95125 as property of the estate. The Debtor is obligated to disclose all assets. If Debtor's contention is correct that he does not own the home, then he should produce all documents that indicate that he does not own the real property. Debtor has done neither.

2. Bank Accounts/Brokerage Accounts.

Debtor failed to identify on his bankruptcy forms, the Washington Mutual bank accounts, and the Wachovia bank accounts which are the subject of a motion currently set for hearing on September 23, 2009, two days before this status conference. In his motion to quash, Debtor states that jointly owns these bank accounts with other unidentified persons. Neither account is identified in his bankruptcy records. As made clear in the Slawinski's Opposition to the Motion to Quash, the bankruptcy code requires that Debtor identify all such accounts. Debtor's failure to identify bank accounts which he acknowledges that he owns, violates his obligations under both the bankruptcy code, and is also grounds for dismissal of the bankruptcy as well as other

actions.

E. False Statements on the Monthly Operating Reports.

Debtor's monthly operating reports state that Debtor has filed a plan of reorganization. He has not. The monthly operating reports do not identify the real estate located at 1481 Cherry Garden Lane as an asset of the estate. The monthly operating reports, which are signed under penalty of perjury contain false information.

In short, the Debtor has not complied with his obligations under the Code, or his obligations as a Debtor in Possession.

2. The Adversary Proceedings:

Creditor Slawinski has filed adversary proceedings contesting the dischargeability of the debts owed to Mr. Slawinski in both the Chapter 13, and the Chapter 11. Discovery is proceeding in these matters.

This Court ordered Mr. Bassoni to provide several names off of the bankruptcy dispute resolution advocate list to Diemer, Whitman & Cardosi, LLP, by a date certain, if Mr. Bassoni wished to participate in the bankruptcy dispute resolution program. Mr. Bassoni did not do so in a timely fashion. Some time after that date passed, Mr. Bassoni asked if the Creditor was interested in participating in the BDRP program, and we reiterated that to do so, we needed to obtain agreement as to a BDRP advocate. We never heard from Mr. Bassoni about the matter again.

The parties are thus proceeding with discovery and preparing for the trial setting conference on the adversary proceedings in December, 2009.

3. Breakdown in Communications.

This Court has asked that we send communications to Debtor, by return receipt requested. We have done so. Unfortunately, our last communication sent by United States Postal Service by certified mail, return receipt requested, was returned for failure/refusal to pick up. Creditor Slawinski is being forced to expend significantly more than the ordinary creditor in order to prove that Debtor is receiving the communications that are necessary to any legal proceeding. Creditor Slawinski should not be forced to pay these extra sums, particularly when the cost is

wasted, due to Debtor's refusal of the communications. Obviously, such refusal to communicate creates significant problems in moving the dispute forward to conclusion.

4. Conclusion.

Creditor Slawinski suggests that this matter be dismissed as Debtor refuses to act as required under the bankruptcy code, and refuses to participate in the bankruptcy process.

Dated: September 15, 2009          DIEMER, WHITMAN & CARDOSI, LLP

By: /Kathryn S. Diemer/
Kathryn S. Diemer
Attorneys for Steve Slawinski

Case Management Conference Statement          5