**JERRY BASSONI**, an Individual
1481 Cherry Garden Lane
San Jose, California 95125-4828
Telephone: (408) 266-7360

FILED
NOV 30 2009

# United States Bankruptcy Court

# Northern District of California

In re

Jerry Bassoni,

    Debtor.



Case No.: 08-53123 ASW

Chapter 11

Date: December 7, 2009
Time: 2:00 p.m.
Place: Courtroom 3020
      280 S. First Street
      San Jose, California

## DEFENDANT'S/DEBTOR'S CASE MANAGEMENT CONFERENCE STATEMENT

The Defendant/Debtor, Jerry Bassoni, submits the following Case Management Conference Statement. The Debtor provides this Case Management Conference Statement to update the case status and discuss efforts to settle issues in this case. Also, the Defendant discusses the Plaintiff's Case Management Conference Statement as the statement and the complaint contain numerous erroneous, unclear and misleading comments. The Defendant provides this information to eliminate confusion and clear up the facts with the desire to move this case toward resolution.

A. **Background**

The Defendant filed Chapter 13 on June 13, 2008. The Plaintiff filed Adversary Case No. 08-5273 for nondischargeability pursuant to 11 U.S.C. 523(a)(2), (4) and (6) on about September 16, 2008. On April 7, 2009, the Defendant converted the case from Chapter 13 to Chapter 11 due to issues with 11 U.S.C. 109(e) limitations. The Plaintiff filed a new adversary complaint, Case No. 09-5185, on July 17, 2009, which is the last day to file (deadline 60 days after first 341 meeting). The new adversary case includes additional exceptions to discharge under 11 U.S.C. 727(a)(2) and (4). At the Case Management Conference on September 25, 2009, the Court ruled that the Plaintiff file an amended complaint. This amended complaint was filed about 50 days later on about November 12, 2009 which about 180 days after the first 341 meeting for the converted case. The Defendant received service of this complaint on about November 23, 2009. The Defendant is currently preparing an answer to this complaint. Also, the Defendant is preparing for a deposition which was received on November 7, 2009 for Case No.08-5273.

B. **Summary comments regarding complaint**

1. **This adversary complaint should be *dismissed* as:**

a. The issues under 11 U.S.C. 523(a)(2), (4) and (6) which involve proofing breach of fiduciary duty, larceny, and willful and malicious injury *regarding a debt which has been settled with the State Court appointed Receiver*.... seems extremely unlikely to proof.

b. Further, the issues under 11 U.S.C. 727 (a)(2) and (4) which involve proofing intent to hinder, defraud, concealment of property, and making fraudulent oath, etc. *lack adequate evidentiary support.* The issues under section 727 were added to the complaint 12 months after the original complaint was filed. There has been no new facts or discovery produced to warrant these additional issues under section 727.

c. The complaint ... (1) is an abuse of the Court, (2) creates unnecessary additional costs, and (3) delays bringing this case to a resolution. The complaint is *weak and is not supported by any evidence and should be dismissed.*

d. *The* complaint is *poorly prepared* and is a *reflection on the lack of evidentiary support.*

## C. Details comments and background regarding complaint

### 1. Theory of the case

a. At the heart of this case, is a commercial dispute between stockholders of a California corporation which occurred in 1996, about 13 years ago. The events of the case did not rise to the level of any tortuous conduct. The adversary case is based on a claim which results from a default judgment entered against the Defendant.

*This default judgment was entered as the Defendant's answer to an unverified cross-complaint was stricken due to an unfair terminating sanction issued for a first time sanction because the Defendant was unable to attend a case management conference on time.* Also, the Defendant was not fairly represented as the *Defendant was forced to represent himself in Pro SE* as the state court allowed the Defendant's former attorney to withdraw from the case just two days before the first case status conference. *Therefore, the case was never litigated and was not judged by facts or equities of the case.*

b. The Defendant filed a Notice of Appeal from the default judgment. This appeal was based on the severity of a first time sanction. *The state appeal court would not consider the issues raised on the motion to vacate and set aside the default judgment for reconsideration, as the court discussion stated that the Defendant met the appeal deadline by five days, and therefore, because the appeal motion did not explain why the Defendant took almost six months for relief, the appeal was not considered.* The details of this case and the appeal are detailed in the Debtor's Answer to the Complaint for Nondischargeability dated January 9, 2009.

c. The Defendant should be noted that before the State Court issued the default judgment, the court appointed a Receiver to liquidate the Defendant's and Plaintiff's company. As part of this liquidation, *the Receiver prepared a Final Account and Report, a Mutual Release and Settlement Agreement between the Receiver and Defendant, and executed a Full Satisfaction of Judgment to the Defendant. The same State Court that accepted and approved the Receiver's Reports, Accounts, Mutual Release and Settlement Agreements, and executed Full Satisfaction of Judgment,..... later the same court issues a default judgment against the Defendant and ignores all of these Court approved documents and agreements.*

*In summary, <u>this case was not litigated</u> and the subject financial claims of this case have been settled and all claims between the parties and the court have been settled. Therefore, the Plaintiff's statements regarding the theory of this case are inaccurate.* The Defendant's answer to the original complaint for nondischargeability issues under section 523, points out that the law contains many examples of where the Bankruptcy Court requires sufficient details to support a proof of claim which involves state court judgments regarding issues involving 11 U. S. C. 523 (a)(2), (4), and (6). *Bankruptcy Court may not base adjudication of nondischargeability on state court proceeding without examining the entire record to determine whether there was substantial adjudication of facts which would make obligation non-dischargeable. Bankruptcy Court is obligated to make its own findings and conclusions regarding the nature of a default judgment debt obtained in state court, where the Bankruptcy Court is unable to conclude that the judgment in state court was based on findings of fact.*

## 2. <u>Amended complaint is based on inadequate evidentiary support and erroneous statements</u>

**a. The** new amended complaint includes nondischargeability pursuant to 11 U.S.C. 523 and 727. *Each cause of action contains numerous incorrect statements and misrepresentations of facts and is primarily based on allegations which have no merit and are not based on facts and are speculative and baseless.*

**b. Each** *and every cause of action fails to state facts or evidence sufficient to constitute a cause of action.*

c. The complaint states the Defendant procured funds from the Plaintiff and the Defendant purposely interfered with the court receiver's collection of funds. *This is an absolutely incorrect and false statement by the Plaintiff. <u>No funds were ever taken from the Plaintiff and the Plaintiff has not suffered any damages</u>.* Also, the Plaintiff fails to mention that *<u>all funds have been accounted for by the state court appointed Receiver</u> who prepared the Final Account and Report which was accepted and approved by the state court on November 12, 1997 and signed on about January 19, 1998.* This report states that the *Receiver has received funds from the Defendant and has settled the Defendant's secured claims against the company's estate pursuant to the Mutual Release and Settlement Agreement between the Receiver and the Defendant. This Mutual Release Settlement Agreement is a full and final settlement*

[Summary of pleading] - 4

and resolves any disputes and differences between the *state courts approved Receiver for the company and the Defendant. Despite all of the above mentioned, such as, the court approved the Final Account and Report, and Mutual Release and Settlement Agreement, the same state court unfairly issues a default judgment against the Defendant for issues which were settled and foe which no damages exist.*

**d. The *complaint contains numerous factual errors and misleading statements.*** The Plaintiff claims that the Defendant owns several unknown bank accounts, annuities, and has other sources of income. Further, the Plaintiff erroneously claims the U.S. Trustee requested the Defendant to provide copies of these unknown bank account and annuity account statements.

***The Plaintiff's statements are completely bogus*** as (1) the U.S. Trustee did not request any unknown bank account, etc.; (2) the U.S. trustee recognizes that there is no unknown bank and other sources of income; and (3) all the financial information on the Declaration of Debtors Amended Schedules and Financial Affairs are accurate and complete. The U.S. Trustee has received all document and information which the Trustee has requested. Further, the Plaintiff alleges that the Defendant, who lives with his daughter, has transferred funds to his daughter and the Plaintiff claims the U.S. Trustee has requested the Defendant provide all records of these transfers. These erroneous claims are irresponsible as these transfers do not exist and the Trustee has not requested any records of such alleged transfers.

**e. In** addition to the weakness of the complaint pursuant to issues under section 523 which are discussed in the above section C.1.a-c. ,.... the complaint is also weak under section 727 issues as it **will not meet the evidentiary standards to** (1) show the debtor, with intent to hinder, delay, or defraud a creditor, has transferred, removed, destroyed, mutilated, or concealed property, and (2) there is no evidence to support that false oath or accounts, presented or used false claims or any other wrongdoing under section 727.

**f. Further,** each cause of action cumulatively includes all causes outlined in the previous causes of action. Therefore, it is impossible to determine which cause of action relates to which Title 11 code section. For example, the causes of action under section 727(a)(2), cumulatively includes all causes listed under the previous (3) three causes which are section 523 causes of actions. In other words, each cause of action includes all previous causes plus any new causes, which are then cumulated and included in the next cause of action

*This complaint is baseless and is..... an unnecessary burden on the court..., creates addition legal cost,.... and delays settling this matter.*

### D. Deposition of Defendant

. This deposition of the Defendant is scheduled for December 7, 2009. The Plaintiff is attempting to justify their complaint after the fact. This deposition should be delayed until after the Defendant has time to file an answer to the new amended adversary complaint, Case No. 09-5185, and after the Case Management Conference scheduled the same day, December 7, 2009.

***This deposition should be dismissed as it should have been filed after a complaint was filed. Also,.....the Plaintiff should have conducted a Rule 2004 examination before filing a nondischargeability action, to ensure that there is adequate evidentiary support for the complaint under Fed R Bankr P9011(b).*** *Plaintiff is on a fishing expedition.*

Therefore, *the Plaintiff should be sanctioned for mandatory fees if the Plaintiff does not prevail.*

### E. Use of Bankruptcy Dispute Resolution Program (B.D.R.P) to settle matters

During the July 15, 2009 Case Management Conference, both parties agreed to consider the use of the B.D.R.P. to resolve this matter. The Defendant has informed the Plaintiff several times in writing that the Defendant has agreed to use the B.D.R.P. for this case. However, the Plaintiff has not responded to the Defendant's letters and faxes dated July 24 and August 18, 2009.

*At the September 25, 2009 Case Management Conference, the Defendant again confirmed interest in the use of B.D.R.P. but received no reply from the Plaintiff.*

### F. Status of schedules, reports and fees

All amended schedules and monthly operating reports have been filed and are current. All quarter fees have been paid. The Defendant is compliant with all applicable Bankruptcy Rules

### G. Retain legal representation

The Defendant has selected legal counsel and is currently finalizing the scope of work and the retainer agreement.

Dated: November 30, 2009

By: *Jerry Bassoni*
Jerry Bassoni, Defendant/Debtor

[Summary of pleading] - 6

# CERTICATE OF SERVICE BY MAIL

I declare that I am a citizen of the United States, over the age of 18 years, not a party to the within cause; my business address is 1340 Peacock Ct., Gilory, California, 95020. I serviced a copy of the Defendant's Case Management Conference Statement, by placing same in an envelope in the U.S. Mail at the San Jose, California on November 30, 2009.

Said envelopes were addressed as follows;

Office of the United States Trustee
280 South First Street   Room 268
San Jose, CA 95113

Kathryn S. Diemer
75 East Santa Clara Street Suite 290
San Jose, CA 95113

Janell Handcock